# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> VAHE MARGARYAN, <br><br> Defendant. | Case No. 25-MJ-3132 <br><br> ORDER OF DETENTION |

FILED
CLERK, U.S. DISTRICT COURT
MAY 28 2025
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

I.

On May 28, 2025, Defendant Vahe Margaryan made his initial appearance on the criminal complaint filed in this case. Defendant was represented by retained counsel, Michael Zweiback and Lillian Chu. The government was represented by Assistant U.S. Attorney Mark Avies. A detention hearing was held.

☐ On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒ On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is not entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

II.

The Court finds that no condition or combination of conditions will reasonably assure: ☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g)] The Court also

considered the information reported by United States Probation and Pretrial Services in the report that was prepared for the Court.

## IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:

☒ Certain background information is unverified and inconsistent (Defendant reports that he lives with his ex-wife and minor children at a residence that he is the sole owner; but his ex-wife reports that Defendant has been residing at an unknown residence in Sunland, California and *occasionally* spends the night at their residence; Defendant reports that he has been divorced from his ex-wife for two years but his ex-wife reports that they have been divorced for five years). Neither Defendant nor his ex-wife provided information regarding Defendant's finances, assets or liabilities, mental health or substance use.

☒ History of foreign travel, including travel in 2024 to Armenia

☒ use of multiple name variations and aliases, two dates of birth and two social security numbers

☒ Given the allegations in the criminal complaint, indictment, Defendant appears to have access to substantial financial resources, including multiple bank accounts in the names of businesses (shell companies) and other individuals, and caused the proceeds of the alleged fraud to be deposited into, and transferred among, these accounts. The allegations in the complaint include significant transfers of fraud proceeds to foreign countries, including Armenia. Defendant's unwillingness to provide information about his finances suggests that he has access to significant financial resources, including in foreign countries.

☒ Insufficient bond resources: Defendant's proffered surety is a target in the investigation.

As to danger to the community:

☒ Seriousness of allegations in the criminal complaint which charges Defendant with master-minding a fraud conspiracy relating to government claims, submitting false and fictitious applications for millions of dollars in government loan relief programs, wire fraud, bank fraud, conspiracy to commit money laundering and money laundering. The proceeds of the alleged fraud involving millions of dollars are unaccounted for. Defendant was in the process of obtaining a fraudulent loan in 2025, indicating that release would pose a continued economic threat.

☒ Defendant is alleged to have threatened an individual who questioned whether the actions Defendant was directing the individual to take were legal, and also threatened another person with a baseball bat and gun.

☒ A search of Defendant's residence at the time of his arrest revealed two fully loaded handguns, $20,000 in cash, cash wrappers, a cash counting machines, and a baseball bat, which support a finding that Defendant was involved in laundering money, and threatening others.

//
//
//

3

V.

The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: May 28, 2025

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE

4